IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EUGENE HENRIQUEZ,<br><br>  Plaintiff,<br><br>v.<br><br>ATM RESPONSE, INC., and CLAYTON BRASWELL,<br><br>  Defendants. | Civil Action No. _____<br><br>**JURY TRIAL DEMANDED** |

# COMPLAINT

Plaintiff Eugene Henriquez ("Plaintiff") brings this action against Defendants ATM Response, Inc. ("ATM Response") and Clayton Braswell (collectively, "Defendants") pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* (the "FLSA"). He seeks unpaid overtime wages, liquidated damages, interest, and attorneys' fees and costs.

## NATURE OF THE ACTION AND SUMMARY OF ALLEGATIONS

1.  This is an action for unpaid overtime wages under the FLSA. Defendants violated the FLSA by improperly classifying Plaintiff as an independent contractor within the three years prior to the filing of this Complaint, and by failing

to pay him overtime wages at one-and-one-half his regular rate when he worked in excess of forty (40) hours per week.

2.     As a result of Defendants' violations of the FLSA, Plaintiff is entitled to recover from Defendants: (a) unpaid overtime wages; (b) an additional and equal amount of liquidated damages; (c) interest; and (d) reasonable attorneys' fees and costs of litigation.

## **JURISDICTION AND VENUE**

3.     This is an action for unpaid overtime wages under the FLSA. Pursuant to 28 U.S.C. § 1331, this Court has federal-question jurisdiction over this Complaint.

4.     Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to this Complaint occurred within the Northern District of Georgia.

## **PARTIES**

5.     ATM Response is a for-profit Georgia corporation that is licensed to conduct business in Georgia. ATM Response is headquartered at 3475 Corporate Way, Suite D, Duluth, Georgia 30096.

6.     ATM Response may be served with process via its registered agent: Clayton Braswell, 3475 Corporate Way, Suite D, Duluth, Georgia 30096.

7. ATM Response and Defendant Braswell were Plaintiff's employers under the FLSA at all times relevant to this Complaint.

8. Defendant Braswell is the owner and Chief Executive Officer of ATM Response. Mr. Braswell conducts business in the Northern District of Georgia. Mr. Braswell is a Georgia resident.

9. At all relevant times, Defendants were employers engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 207.

10. Defendant ATM Response had gross annual revenues in excess of $500,000.00 at all relevant times.

11. At all relevant times, Defendant Braswell asserted control of ATM Response's day-to-day operations, had ultimate responsibility for the supervision of Plaintiff, and made the decision not to pay Plaintiff overtime wages as required by the FLSA. Therefore, Mr. Braswell is an "employer" within the meaning of the FLSA.

12. Defendants employed Plaintiff from on or about July 16, 2019, to present. Plaintiff's current position is ATM Technician, but he is presently out on leave.

## STATEMENT OF FACTS

13. ATM Response is in the business of servicing and maintaining automatic teller machines ("ATMs"), as well as providing other cash services to clients.

14. From on or about July 19, 2019, to present, Defendants have employed Plaintiff. His current position is ATM Technician.

15. From approximately July 2019 until approximately July 2020, Defendants misclassified Plaintiff as an independent contractor.

16. Throughout the period in which Defendants misclassified Plaintiff as an independent contractor, Defendants paid him a set hourly rate for all time worked on the clock. His current hourly rate is $17.00 per hour.

17. Defendants' misclassification of Plaintiff as an independent contractor applied from approximately July 2019 until approximately July 2020, when Defendants reclassified Plaintiff as an employee.

18. Plaintiff worked at Defendants' facilities, and/or in the field at the direction of, and using equipment provided by, Defendants.

19. Defendants directed Plaintiff's day-to-day job activities including, without limitation: setting his regular work schedule, setting his rate of pay, assigning his work, and determining his work location.

20. Defendants provided materially all the investment in the facilities and equipment Plaintiff used to perform his job, including providing: the means of transportation required to travel to ATM service locations, such as work vehicles; the tools necessary to service ATM machines; the software systems Plaintiff used while working; computers and phones; training; and email.

21. Plaintiff made little if any investment in Defendants' business enterprise.

22. Plaintiff's wages depended entirely on the number of hours that he worked at the rate set by Defendants. Managerial skill and individual initiative were not material factors in Plaintiff's compensation because, *inter alia*, his job duties were assigned and controlled by Defendants, Defendants controlled his schedules, and he was compensated based on the number of hours that he worked.

23. Plaintiff worked substantial hours in excess of 40 per week, as required by Defendants.

24. Defendants knew or should have known that Plaintiff worked substantial hours in excess of 40 per week. Indeed, Defendants had actual knowledge of Plaintiff's time worked in excess of 40 hours per week during the relevant time period because Defendants paid Plaintiff straight time for all hours worked.

25. On information and belief, Defendants possess records of the time worked by Plaintiff.

26. Despite Defendants' knowledge of overtime worked by Plaintiff, Defendants continued their practice of classifying Plaintiff as an independent contractor. Defendants required, encouraged, and knowingly permitted Plaintiff to work overtime hours, and failed to pay Plaintiff required overtime premium pay when he worked overtime hours.

27. Defendants did not compensate Plaintiff for all time worked in excess of 40 hours per week at the rate required by the FLSA, which is one-and-one-half his regular rate.

28. Defendants' failure to pay Plaintiff one-and-one-half his regular rate of pay for the time that he worked in excess of 40 per week was pursuant to a policy and practice Defendants intentionally applied to Plaintiff.

29. Defendants' failure to pay Plaintiff one-and-one-half his regular rate of pay for all hours worked in excess of 40 per week was pursuant to a policy and practice that Defendants intentionally applied to Plaintiff.

## COUNT I
### Willful Failure to Pay Overtime in Violation of the FLSA

30. Defendants violated the FLSA by failing to pay Plaintiff overtime at a rate of one-and-one-half his regular rate for hours worked in excess of 40 per week.

31. At all relevant times, Plaintiff was engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 207.

32. The overtime wage provisions set forth in the FLSA apply to Defendants and protect Plaintiff.

33. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

34. Throughout the relevant time period, Defendants misclassified Plaintiff as an independent contractor.

35. Throughout the relevant time period, Plaintiff regularly worked in excess of 40 hours per week.

36. Throughout the relevant time period, Defendants failed to pay Plaintiff at one-and-one-half his regular rate for time worked in excess of 40 hours per week.

37. As a result of Defendants' willful failure to compensate Plaintiff at one-and-one-half his regular rate for hours worked in excess of 40 per week, Defendants violated the FLSA, including 29 U.S.C. §§ 207(a)(1) and 215(a).

38. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a). Because Defendants' violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

39. Defendants did not make a good-faith effort to comply with the FLSA with respect to their compensation of Plaintiff.

40. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants: (a) his unpaid overtime wages for all of the hours that he worked in excess of 40 per week; (b) an additional and equal amount as liquidated damages for Defendants' willful violations of the FLSA; (c) interest; and (d) reasonable attorneys' fees and costs of litigation.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands a **TRIAL BY JURY** and entry of a judgment granting the following relief:

    a.    A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

    b.    Application of the FLSA's three-year statute of limitations;

    c.    An award of unpaid overtime compensation due under the FLSA;

    d.    An award of liquidated damages;

e.  An award of prejudgment and post-judgment interest;

f.  An award of costs and expenses of this action, together with reasonable attorneys' and expert fees; and

g.  Such other and further relief as this Court deems just and proper.

Respectfully submitted, this 17th day of August 2021.

*/s/ Justin M. Scott*
Justin M. Scott
Georgia Bar No. 557463
Michael David Forrest
Georgia Bar No. 974300
Scott Employment Law, P.C.
160 Clairemont Avenue, Suite 610
Decatur, Georgia 30030
Telephone: 678.780.4880
Facsimile: 478.575.2590
jscott@scottemploymentlaw.com
mforrest@scottemploymentlaw.com

Counsel for Plaintiff
